# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN WILLIAMS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC HOLDER, Attorney General of the United States, et al.,<br><br>　　　　　　Respondents. | CIVIL ACTION NO. 1:15-CV-01033<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## **REPORT AND RECOMMENDATION**

On May 28, 2015, the Court received and filed a signed and dated petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, in which Petitioner sought relief from his continued detention by the Department of Homeland Security, Immigration and Customs Enforcement. (Doc. 1). On September 24, 2015, Respondents filed a Suggestion of Mootness (Doc. 8), in which it is suggested that the petition should be dismissed as moot, as Petitioner is no longer in the custody of U.S. Immigrations and Customs Enforcement ("ICE"), but rather has been transferred from ICE custody to the custody of the Pennsylvania Board of Probation and Parole, and therefore the relief sought by Petitioner is no longer available to him. Petitioner has not responded to this suggestion of mootness. On May 23, 2016, this Court issued an Order to Show Cause as to why the petition should not be dismissed as moot. (Doc. 9). On June 16, 2016, Petitioner, who is represented by counsel of record in this matter, filed a letter with the Court (Doc. 10), inquiring as to the status of the case. On July 5, 2016, the Court issued a second Order to Show Cause (Doc. 11), directing the Clerk of Court to send Petitioner copies of the docket and the Court's May 23, 2016 Order. To date, no response has been filed by Petitioner.

The Court finds that, as Petitioner is no longer in the custody of ICE, and as his petition sought relief from ICE custody, the habeas petition is now moot. *See Saye v. Holder*, No. 3:CV-12-1709, 2012 WL 6928478, at *4 (M.D. Pa. Nov. 19, 2012), *report and recommendation adopted sub nom. Saye v. Holder*, No. 3:CV-12-1709, 2013 WL 298061 (M.D. Pa. Jan. 24, 2013); *see also Cox v. McCarthy*, 829 F.2d 800, 802–03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible); *Phat v. Gonzales,* 2007 WL 2407287 (M.D.Pa.) (habeas petition of alien in custody of ICE challenging his continued detention was moot since Petitioner was released from ICE custody on an order of supervision); *Nkemakolam v. Decker,* 2005 WL 2715905 (M.D.Pa.) (habeas Petition was dismissed as moot since Petitioner was granted a cancellation of removal and released from ICE custody); *Brown v. Attorney General*, Civil No. 09–0681, M.D. Pa.; *Fofana v. District Director for ICE,* 2009 WL 3616101; *Garcia v. Sabol,* 2009 WL 1936954 (M.D.Pa.); *Madiyev v. Holder*, Civil No. 10–0605, M.D. Pa.

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED AS MOOT** and the case be closed.

BY THE COURT:

Date:  January 27, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN WILLIAMS,<br><br>        Petitioner,<br><br>v.<br><br>ERIC HOLDER, Attorney General of the United States, et al.,<br><br>        Respondents. | CIVIL ACTION NO. 1:15-CV-01033<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 27, 2017**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: January 27, 2017**

                                                                          *s/ Karoline Mehalchick*
                                                                          **KAROLINE MEHALCHICK**
                                                                          **United States Magistrate Judge**